# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| RONNIE MOORE ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | Civil Action No. 1:16-cv-161 |
| ) | |
| C.R. BARD, INC., ) | |
| JOHNSON & JOHNSON, AND ) | |
| ETHICON, INC. ) | |
| *Defendants*. ) | |

## NOTICE OF REMOVAL BY DEFENDANT C.R. BARD, INC.

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant C.R. Bard, Inc. ("Bard"), with the consent of co-defendants Johnson & Johnson and Ethicon, Inc., hereby removes this action from the Circuit Court of Hamilton County, Tennessee to the United States District Court for the Eastern District of Tennessee based on diversity jurisdiction under 28 U.S.C. § 1332. In support of removal, Defendant Bard states as follows:

### I.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff Ronnie Moore ("Plaintiff") filed a product liability action on or about April 21, 2016, against Bard, Johnson & Johnson, and Ethicon, Inc., in the Circuit Court of Hamilton County, Tennessee, Case No. 16C541 ("Complaint"). *See* Ex. A, Summons and Complaint.

2. Bard was served with the Summons and Complaint on May 6, 2016. Bard is filing this Notice of Removal within thirty (30) days of service of the Complaint, as required by 28 U.S.C. § 1446(b)(1).

3. Attached as Exhibit A is "a copy of all process, pleadings, and orders" served upon Bard in this action, as required by 28 U.S.C. § 1446(a).

4. Promptly after the filing of this Notice, Bard will serve written notice of this removal on Plaintiff's counsel and file a copy of this Notice of Removal with the Circuit Court of Hamilton County, Tennessee, as required by 28 U.S.C. § 1446(d). Attached as collective Exhibit B are copies of the notices of this removal being sent to Plaintiff's counsel and to the Clerk of the Circuit Court of Hamilton County, Tennessee, from whence this case is sought to be removed. A copy will also be served on counsel for Johnson & Johnson and Ethicon, Inc.

5. Venue is proper in this judicial district and division, in that the Circuit Court of Hamilton County, Tennessee is within the Eastern District of Tennessee, Southern Division. *See* 28 U.S.C. § 123(a)(3).

6. Johnson & Johnson and Ethicon, Inc. consent to this removal and will file a notice of consent to removal contemporaneous to this Notice of Removal. 28 U.S.C. § 1446(b)(2).

## II. THIS COURT HAS DIVERSITY JURISDICTION

7. This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332. This action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 because it is a civil action between citizens of different states and the matter in controversy herein exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. *See Rogers v. Wal–Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000).

### A. The Amount-In-Controversy Requirement Is Satisfied[1]

---

[1] The defendant need make only a short and plain statement regarding the amount-in-controversy in a notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, ––– U.S. ––––, ––––, 135 S.Ct. 547, 553, ––– L.Ed.2d ––––, –––– (2014) (citing 28 U.S.C. § 1446(a)).

8. Bard filed this Notice of Removal in good faith and on a reasonable basis in law and fact that the $75,000 amount-in-controversy requirement is satisfied here. Here, Plaintiff's Complaint specifically prays for compensatory damages in an amount of $5,000,000 dollars. Compl. at "Wherefore" Clause. Plaintiff's Complaint also requests punitive damages in an amount of $17,000,000. *Id.* The amount-in-controversy for diversity jurisdiction is satisfied because it is clear from the face of the *ad damnum* clause in Plaintiff's Complaint that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); 28 U.S.C. § 1446(c)(2) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. . . .").

9. Moreover, the jurisdictional amount-in-controversy requirement is met here because the severity of and the types of injuries alleged in Plaintiff's Complaint make it "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Great Tenn. Pizza Co. v. BellSouth Telecomm., Inc.*, 2011 WL 1636234, at *1 & n.3 (E.D. Tenn. Apr. 29, 2011). *See also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence"); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000"); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (medical device product liability complaint alleging similar injuries and seeking similar compensation satisfies amount-in-controversy for federal diversity jurisdiction); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (holding that the amount-in-controversy to be satisfied where Plaintiff alleged economic loss,

medical and health expenses, and claimed serious medical conditions); *In re Silica Products Liability Litigation*, 398 F. Supp. 2d 563, 646 (S.D. Tex. 2005) (same).

10. Plaintiff's claims against Bard, Johnson & Johnson and Ethicon, Inc. are founded in product liability and seek recovery for injuries allegedly caused by two separate purportedly defective medical devices, a "'3D Max' Mesh" and "Prolene Mesh" *See* Compl. ¶ 12. Plaintiff alleges that due to the products allegedly defective design or manufacture, the "'3D Max' Mesh" and "Prolene Mesh" failed, and, as a result, Plaintiff suffered "personal injury, pain and suffering, emotional distress, and has endured permanent injury and will continue to incur medical expenses." *See, e.g., id.* ¶ 22. Thus, the preponderance of the evidence establishes that the amount-in-controversy has been satisfied. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001) (holding that a defendant who removed action to federal court can met its burden of showing, by a preponderance, that amount in controversy requirement for exercise of diversity jurisdiction was satisfied).

11. In addition, a number of other plaintiffs have brought similar product liability actions against Bard in federal court that specifically plead an amount-in-controversy in excess of $75,000. *See, e.g., Fiebig v. Davol Inc.,* No. 3:14-cv-01954 (N.D. Tex. filed June 16, 2014) (product liability case regarding Ventrio hernia patch and alleging damages in excess of amount-in-controversy for federal diversity jurisdiction); *Burge v. Davol Inc.*, No. 1: 07-CV-06885 (N.D. Ill. filed Dec. 6, 2007) (Kugel mesh patch case seeking damages in excess of amount required by 28 U.S.C. § 1332); *Terrell v. Davol Inc.*, No. 2:13-cv-05074 (E.D. Pa. filed Aug. 28, 2013) (Marlex Mesh case alleging damages in excess of amount-in-controversy for federal diversity jurisdiction). *See also In re Rezulin*, 133 F. Supp. 2d at 295-96 (looking to other suits involving the same product to resolve amount-in-controversy inquiry).

12. Based on the above, it is "more likely than not" that the amount-in-controversy requirement is met. *See Gafford v. General Electric Co.,* 997 F.2d 150, 157-58 (6th Cir. 1993).

**B. Diversity Exists Because Defendants And Plaintiff Are Citizens Of Different States**

13. The requirement that this be a civil action between citizens of different states for establishing diversity jurisdiction under 28 U.S.C. § 1332 is also met here. The Complaint is for a civil action, and the named Plaintiff has alleged he is "a resident of Hamilton County, Tennessee." *See* Compl. ¶ 2. Upon information and belief, Plaintiff is a resident citizen of Hamilton County, Tennessee. *Fort Knox Transit v. Humphrey*, 151 F.2d 602, 602 (6th Cir. 1945) ("[U]pon the whole record and in the absence of any challenge to the jurisdiction, the plaintiff's residence in Ohio is prima facie evidence of his citizenship in that state . . . ."); *Edick v. Poznanski*, 6 F. Supp. 2d 666, 669 (W.D. Mich. 1998) ("Place of residence is prima facie evidence of domicile.").

14. Bard is, and was at the time of the filing of the Complaint, a New Jersey Corporation and Bard's principal place of business is located in New Jersey. *See* Compl. ¶ 3. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

15. Johnson & Johnson is, and was at the time of filing of the Complaint, a company incorporated under the laws of the State of New Jersey, with its principal place of business in New Brunswick, New Jersey. *See* Compl. ¶ 5. Accordingly, Johnson & Johnson is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

16. Ethicon, Inc. is, and was at the time of filing of the Complaint, a company incorporated under the laws of the State of New Jersey, with its principal place of business in Somerville, New Jersey. *See* Compl. ¶ 6. Accordingly, Johnson & Johnson is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

17. Defendants and Plaintiff are therefore citizens of different states for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332.

18. Because Plaintiff and Defendants are citizens of different states and the amount-in-controversy requirement is met, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 and removal is appropriate under 28 U.S.C. § 1441.

WHEREFORE, Defendant C.R. Bard, Inc. respectfully removes this action to the United States District Court for the Eastern District of Tennessee.

Dated: May 27, 2016

      Respectfully submitted,

      BAKER, DONELSON, BEARMAN,
       CALDWELL & BERKOWITZ, P.C.

      By: s/Joshua A. Powers
      Joshua A. Powers (TN BPR No. 015639)
      1800 Republic Centre
      633 Chestnut Street
      Chattanooga, Tennessee 37450-1800
      Telephone: (423) 209-4137
      Facsimile: (423) 752-9537
      Email: jpowers@bakerdonelson.com

      Robert F. Tom (TN BPR No. 026636)
      *(Pro Hac Vice Application to be filed)*
      First Tennessee Building
      165 Madison Avenue, Suite 2000
      Memphis, Tennessee 38103
      Telephone: (901) 577-2159
      Email: rtom@bakerdonelson.com

      *Counsel for C.R. Bard, Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on May 27, 2016, he caused a true and correct copy of C.R. Bard, Inc.'s Notice of Removal to be served upon the following by U.S. Mail, postage prepaid:

Marvin B. Berke
Charles A. Flynn
Berke, Berke & Berke
420 Frazier Avenue
P.O. Box 4747
Chattanooga, Tennessee 37405
*Counsel for Plaintiff*

Fred E. Bourn III
Butler Snow LLP
1020 Highland Colony Parkway, Suite 1400
P.O. Box 6010
Ridgeland, MS 39158
*Counsel for Johnson & Johnson and Ethicon, Inc.*

                                        BAKER, DONELSON, BEARMAN,
                                         CALDWELL & BERKOWITZ, P.C.

                                        By:  s/Joshua A. Powers